CITY OF OMAHA V. HENRY COOMBE.

FILED JUNE 16, 1896.   No. 6668.

1. **Review:** CONFLICTING EVIDENCE. A verdict upon fairly conflicting evidence will not be disturbed in error proceedings on the assumption that it is not sufficiently sustained by the proofs.

2. **Instructions:** EVIDENCE. An instruction requested, which in its theory has no support in the proofs adduced, *held*, properly refused.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*E. J. Cornish,* for plaintiff in error.

*Lee S. Estelle, contra.*

RYAN, C.

This action for damages alleged to have been sustained by the defendant in error was begun in the district court of Douglas county. There was a verdict and judgment against the city for the sum of $500. Just previous to the accident complained of the city was grading and paving a portion of Locust street. In doing this work a manhole, with its iron cover, was left projecting above the level of the street about twelve inches. On the night of the 18th of October, 1890, the defendant in error was driving a team along Locust street; and, as he alleged, by reason of the darkness, unrelieved by any light, his wagon struck the aforesaid man-hole and thereby he was thrown to the ground and injured. It was alleged in the

petition that there was neither a light to warn of danger, nor a barricade to prevent accident. The sole issue was as to the correctness of each of these contentions, and the jury, upon conflicting evidence, found against the city. With this verdict and the judgment thereon we cannot interfere. It is, however, insisted that the jury should have been instructed as requested, that, if the employes of the city, before quitting work for the night, placed a proper barricade near the man-hole, the burden of proof would be upon the plaintiff to show that some employe of the city removed such barricade. If there had been any evidence to show that there had been removed a properly placed and erected barricade, there might possibly have been some justification for giving this instruction; but this element had no place in the proofs. The evidence on one side was in direct opposition to that on the other, and there was no middle ground which alone could have justified the giving of the instruction requested. There is presented neither by the record nor in the argument any other question and the judgment of the district court is

AFFIRMED.